## Spremulli v. Massaro.

*Ejectment—Rule to bring ejectment—Answer—Merits—Practice, C. P.*

Where a rule to bring ejectment has been granted on sufficient cause, it is improper practice for the respondent, after the expiration of five years, and while the rule is still pending, to file an answer praying for a rule to show cause why the original rule should not be dismissed.

Ejectment. C. P. Washington Co., Aug. T., 1917, No. 147.

*H. T. Gaut,* for petitioners; *Vernon Hazzard,* for respondents.

BROWNSON, P. J., Feb. 26, 1923.—On June 29, 1917, Tony Spremulli and Valendina, his wife, petitioned for and obtained a rule upon Giovanni Massaro et al. to bring ejectment for a certain lot of ground within six months, or show cause why the same could not so be brought; which rule is still pending.

On Feb. 19, 1923, the respondents presented to court a petition, praying for a rule on Spremulli and wife to show cause why the proceeding commenced on June 29, 1917, should not be dismissed, upon the ground that the rule to bring ejectment "was contrary to the provisions of law and improvidently issued by the court." This present petition points out no irregularity or defect in the petition filed June 29, 1917, and upon a perusal of the averments contained therein, we are clearly of the opinion that the rule based thereon was not improvidently granted, as that petition contained averments which justified the granting of the rule. The only averments made in the present petition go to the merits of the pending rule and to the merits of a controversy which seems to exist over the title of the property.

So far as it may be necessary to pass upon them, they can, and properly should, be passed upon at the hearing of the rule which is pending, and the attempt to have the merits of the pending rule determined upon a rule to show cause why the original rule should not be dismissed, is not proper practice. Indeed, the averments of the present petition present strong reasons for making the original rule absolute, provided one fact, which the pleadings appear to put in issue, viz., that of possession in the original petitioners, be found in their favor.

Upon the state of fact now averred by Giovanni Massaro et al., we cannot understand why, if they wish to claim that they are entitled to the property under a contract of purchase, they did not, when served with the rule, either commence an equitable ejectment to enforce such contract or file a bill in equity for its specific performance.

And now, Feb. 26, 1923, upon due consideration, the petition presented to court on Feb. 19, 1923, is denied and dismissed, at the costs of the petitioners, Giovanni Massaro, Francesa Massaro and Pierino Massaro, without prejudice, however, to the determination, upon the hearing of the original rule, of all matters in controversy between the parties.

From Harry D. Hamilton, Washington, Pa.